UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PAUL TRAKARN,<br>     Plaintiff,<br>  v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br>     Defendant. | CASE NO. C23-0929-KKE<br><br>ORDER ON PRETRIAL MOTIONS |

Plaintiff Paul Trakarn and Defendant State Farm Mutual Automobile Insurance Company ("State Farm") appeared before the Court for a Pretrial Conference on June 7, 2024. This Order memorializes the rulings made during that hearing on the Parties' pretrial motions. The motions are granted in part and denied in part as set forth below.

I. **THE COURT GRANTS COUNSEL'S MOTION FOR LEAVE TO WITHDRAW**

On June 6, 2024, the Court received a notice of appearance from Mark A. Thompson on behalf of State Farm, and a notice of withdrawal of counsel from Daniel R. Kirkpatrick, counsel for State Farm. Dkt. Nos. 45, 46. Mr. Kirkpatrick's notice of withdrawal was not effective because it did not comply with the requirements of Local Civil Rule 83.2(b).

Pursuant to Local Civil Rule 83.2(b), "[n]o attorney shall withdraw an appearance in any case, civil or criminal, except by leave of court," unless that withdrawal complies with specific requirements, outlined in the rule. In lieu of the usual procedural requirements of the rule, the

ORDER ON PRETRIAL MOTIONS - 1

Court allowed Mr. Kirkpatrick to appear at the pretrial conference by phone to seek leave to withdraw. In response to the Court's inquiry, neither party objected to Mr. Kirkpatrick's withdrawal. Accordingly, the Court grants Mr. Kirkpatrick leave to withdraw.

## II. THE COURT STRIKES DKT. NO. 47

For the reasons stated on the record, the Court strikes the Proposed Jury Instructions filed by Plaintiff on June 7, 2024 (Dkt. No. 47).

## III. DEADLINES

The Parties are ordered to file proposed jury instructions, a statement of disputed instructions, and a proposed verdict form in accordance with Local Civil Rule 51 no later than June 12, 2024. To the extent the parties are unable to agree on the contents of the verdict form, the parties should identify areas of disagreement with specificity.

The Parties are ordered to review the Court's proposed voir dire questions (provided at the June 7, 2024 pretrial conference) and file any additional voir dire questions for the Court's consideration no later than June 12, 2024.

The Parties are ordered to file a neutral statement of the case no later than June 12, 2024.

State Farm is ordered to file its Trial Brief no later than June 14, 2024.

## IV. MOTIONS IN LIMINE

A. **State Farm's Motions *in Limine***

1. The Court denies State Farm's motion to exclude evidence that State Farm's labor rates are too low.

For the reasons stated on the record, State Farm's first motion *in limine* is DENIED. The parties represented they do not intend to put forth argument concerning State Farm's right to set labor rates, or the method by which State Farm set those labor rates under the insurance contract.

2. <u>State Farm's second motion *in limine* is withdrawn.</u>

Because it was withdrawn, the Court makes no ruling on State Farm's second motion *in limine*.

3. <u>The Court grants State Farm's motion to exclude evidence or argument about diminution in value.</u>

Plaintiff has withdrawn his claim for diminution in value and does not oppose this motion. Accordingly, the Court GRANTS State Farm's third motion *in limine*. Evidence and argument about any alleged diminution in value of Plaintiff's vehicle is excluded.

4. <u>The Court grants State Farm's motion to exclude evidence not duly disclosed in the course of discovery.</u>

Plaintiff does not oppose this motion, accordingly, the Court GRANTS it. Evidence not duly disclosed in the course of discovery, including expert witnesses, is excluded.

5. <u>The Court grants State Farm's motion to exclude lay witnesses from the courtroom when not testifying.</u>

Plaintiff does not oppose this motion, accordingly, the Court GRANTS it. Lay witnesses will be excluded from the courtroom when they are not testifying.

6. <u>The Court grants State Farm's motion to bar counsel from urging jurors to place themselves "in the plaintiff's shoes."</u>

Plaintiff does not oppose this motion, accordingly, the Court GRANTS it. Counsel is barred from urging jurors to place themselves in the position of the plaintiff or defendant, or to grant the plaintiff recovery they would wish for themselves if they were in the same position.

7. <u>The Court grants State Farm's motion to bar attorneys from presenting their personal beliefs to the jury.</u>

Any injection of an attorney's personal beliefs at trial is improper. Accordingly, the Court GRANTS State Farm's seventh motion *in limine*.

8. <u>The Court grants State Farm's motion to exclude evidence or argument of any theories of recovery not found in the pleadings or interrogatory responses.</u>

State Farm's motion does not conflict with the process by which pleadings may be amended during or after trial pursuant to Federal Rule of Civil Procedure 15(b)(1). Accordingly, the Court GRANTS State Farm's eighth motion *in limine*.

9. <u>The Court grants State Farm's motion to exclude evidence that the litigation process caused or contributed to Plaintiff's damages.</u>

Plaintiff does not oppose this motion, accordingly, the Court GRANTS it. Plaintiff is barred from admitting evidence or making argument that the litigation process caused or contributed to his damages.

**B.     Plaintiff's Motions *in Limine***

1. <u>The Court grants Plaintiff's motion to exclude evidence of the August 16, 2016 damage claim.</u>

For the reasons stated on the record, the Court GRANTS Plaintiff's motion to exclude evidence of the August 16, 2016 damage claim. State Farm is prohibited from introducing evidence in support of the denial that was unknown to State Farm at the time of the denial.

2. <u>The Court denies Plaintiff's motion to exclude evidence of loss of use damages below $310/day for 60 days.</u>

For the reasons stated on the record, the Court DENIES Plaintiff's second motion. The jury is permitted to hear testimony on the range of potential measures of loss of use.

3. <u>The Court denies Plaintiff's motion to exclude State Farm's expert witness.</u>

The Court finds Plaintiff's third motion *in limine* is an untimely *Daubert* motion, and, accordingly, DENIES it.

4. <u>The Court denies Plaintiff's motion to exclude the IFCA letter.</u>

The Court finds the IFCA letter is not inadmissible under Federal Rule of Evidence 408, and, accordingly, DENIES Plaintiff's fourth motion *in limine*.

## V. CONCLUSION

For the reasons above, the Court ORDERS:

1) Daniel R. Kirkpatrick is GRANTED leave to withdraw as counsel for State Farm;

2) The Court STRIKES the Proposed Jury Instructions submitted by Plaintiff (Dkt. No. 47);

3) The Parties are ORDERED to file proposed jury instructions, a statement of disputed instructions, and a joint verdict form as required by Local Civil Rule 51 no later than June 12, 2024;

4) The Parties are ORDERED to review the Court's proposed voir dire questions (provided at the June 7, 2024 pretrial conference) and file any additional voir dire questions for the Court's consideration no later than June 12, 2024;

5) The Parties are ordered to file a neutral statement of the case no later than June 12, 2024;

6) State Farm is ORDERED to file a trial brief no later than June 14, 2024; and

7) The parties' motions *in limine* (Dkt. Nos. 27, 29) are GRANTED IN PART and DENIED IN PART as set forth above.

Dated this 7th day of June, 2024.

Kymberly K. Evanson
United States District Judge